526 A.2d 461

Michael McGoldrick, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs January 8, 1987 to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI.

*Donald M. Moser, Peruto, Ryan* & *Vitullo,* for petitioner.

*James K. Bradley,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, May 28, 1987:

This unemployment compensation case involves an appeal from a decision of the Unemployment Compensation Board of Review (Board) by Michael P. McGoldrick (petitioner).

Petitioner and Francis J. Santore, his partner, were employed by the City of Philadelphia as police officers. Both petitioner and his partner were dismissed for neglect of duty and conduct unbecoming an officer arising out of acts they committed together.

Petitioner submitted an application for unemployment compensation benefits to the Office of Employment Security (OES). OES denied petitioner these benefits because it concluded that he was dismissed for willful misconduct in violation of Section 402(e) of the Unemployment Compensation Law.[1]

Petitioner appealed the OES decision to the Board, which referred it to a referee. The referee affirmed the OES denial of unemployment compensation benefits. Petitioner then appealed the referee's decision to the

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

Board. After reviewing both the notes of testimony of the referee's hearing and the original tape of that proceeding, the Board discovered that there was a three-minute blank spot on the tape. The Board remanded the case to the referee with orders to take additional testimony reconstructing the testimony taken during the missing three minutes.

After receiving a letter from petitioner's counsel indicating that substantial portions of the testimony of two witnesses were missing from the transcript (not just three minutes), the Board, on its own motion, vacated the referee's decision and ordered the referee to conduct a *de novo* hearing. The Board further ordered that the transcribed record be returned to the Board to render a decision based upon the testimony adduced at the *de novo* hearing.

After the *de novo* hearing was conducted, the Board rendered the following order:

> AND NOW, August 23, 1985, it appearing that the issues of law and the facts involved in the above case are substantially the same as those involved in the claim of Francis J. Santore, Decision No. B-242936, and it further appearing that said decision of the Board of Review is controlling and determinative of this case, the Board having previously vacated the referee's decision of November 16, 1984, and having considered the brief submitted by the claimant's counsel makes the following:

> ORDER

> The determination of the Office of Employment Security is affirmed and benefits are denied.

It is from this order that petitioner has filed a petition for review with this Court.

In the instant case, the Board vacated the referee's order, remanded to the referee for a *de novo* hearing and then assumed original jurisdiction of the case. The Board then rendered an order based upon its decision in the appeal of petitioner's partner, a separate and distinct case. There is no order of record joining these two cases for disposition nor were these two separate cases heard together.[2] The Board made no findings of fact or conclusions of law based upon the evidence presented to the referee to determine whether *petitioner* was eligible for unemployment compensation. The Board based its determination on the findings of fact and conclusions of law in the appeal of petitioner's partner. "Where factual issues which may be legally determinative of a claimant's eligibility for unemployment benefits are not addressed by the Board, it is not possible for this Court to perform its function of appellate review. It is thus necessary to remand to the Board to make the necessary findings of fact." *Levan v. Unemployment Compensation Board of Review,* 91 Pa. Commonwealth Ct. 507, 512, 498 A.2d 987, 989 (1985).

---

[2] Section 505 of the Law, 43 P.S. §825, provides in pertinent part:

> When the same or substantially similar evidence is relevant and material to the matter in issue in applications and claims filed by more than one individual . . . the same time and place for considering each such application and claim may be fixed, hearings thereon jointly conducted, a single record of the proceedings made and evidence introduced with respect to any application or claim considered as introduced with respect to all of such applications or claims. . . .

If the Board had joined these two cases for disposition, the order herein would, pursuant to Section 505, be proper. However, these cases made their way through the system completely independent of each other.

The Board's total failure to render findings of fact and conclusions of law is a serious transgression and violates both the unemployment compensation statute and the Board's own regulations.[3] Section 504 of the Law provides that the "parties and the department shall be duly notified of the board's final decision *and the reasons therefor.*" 43 P. S. §824. Accordingly, a mere order, as in the case at bar, would not be sufficient to satisfy the mandate of the statute.

Section 101.88 of the Board's regulations prescribes the necessary elements of a decision:

§101.88 Decision on original appeal.

The tribunal shall affirm, modify or reverse the decision of the Department as shall appear just and proper from the evidence submitted. The decision shall be rendered promptly after the conclusion of the hearing and shall set forth the following:

(1) The names and addresses of parties involved, appeal number, and claimant's social security number.

(2) A history of the case, including the date of application for benefits, claim week ending dates, date of appeal, and identity of appellant.

(3) The date and nature of the determination (decision) being appealed.

(4) *All* findings of fact.

(5) Reasons for the decision.

(6) *All* conclusions of law.

(7) The order.

34 Pa. Code §101.88 (emphasis added). *See also* 34 Pa. Code §101.109. The Board's total failure to comply with the mandates of the statute as fleshed out by its own

---

[3] *See also* Section 507 of the Administrative Agency Law, 2 Pa. C. S. §507.

duly adopted regulations warrants our vacation of the order in this matter and a remand for further proceedings in accordance with this opinion.

The order of the Board is vacated.

ORDER

AND NOW, May 28, 1987, the order of the Unemployment Compensation Board of Review in the above-captioned matter is vacated and the case remanded for proceedings in accordance with this opinion.

Jurisdiction relinquished.