639 A.2d 921

**CLAIRTON MUNICIPAL AUTHORITY, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Nov. 12, 1993.

Decided March 15, 1994.

Reargument Denied May 12, 1994.

Robet L. McTiernan, for petitioner.

Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before SMITH and KELLEY, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Clairton Municipal Authority (Employer) appeals the order of the Unemployment Compensation Board of Review (Board) which affirmed the referee's order granting compensation benefits to Mark J. Bekavac (Claimant).

Claimant was employed as a maintenance worker by Employer from October 20, 1980 until October 30, 1992. On November 12, 1992, Claimant's employment was terminated; Employer cited tardiness and absenteeism without notice as the basis for Claimant's discharge.

On November 29, 1992, Claimant applied for unemployment benefits with the Bureau of Unemployment Compensation Benefits and Allowances (Bureau). Before the Bureau for review were three notices given to Claimant by Employer, dated August 1, 1992, September 14, 1992, and October 6, 1992 respectively, regarding Claimant's absenteeism without giving Employer notice and his tardiness. (R.R. A8). The first notice dated August 1, 1992, informed Claimant that his conduct was in violation of Claimant's rules. The second letter dated September 14, 1992 informed Claimant that he was suspended without pay for one (1) day, and the third notice, dated October 6, 1992, informed Claimant that he was suspended for three (3) days without pay. Also before the

Bureau was a letter dated November 3, 1992 from Employer which informed Claimant that based upon his failure to report to work on November 2, 1992 he would receive a five (5) day suspension without pay. The letter also informed Claimant that a recommendation for discharge would be made. (R.R. A7). The Bureau was also in receipt of a grievance which Claimant had filed with his union and a request by Claimant for a hearing regarding his five (5) day suspension. (R.R. A4, A6). Finally, the Bureau had a letter dated November 16, 1992, from Employer to Claimant stating that a hearing had been held on the grievance matter on November 12, 1992 and that no case was made to refute the five (5) day suspension. The letter informed Claimant that as of November 12, 1992, his suspension would become a discharge. (R.R. A3).

On December 31, 1992, the Bureau issued its determination concluding that Claimant's discharge was based upon his willful misconduct and that he was, therefore, not entitled to benefits pursuant to Section 402(e) of the Unemployment Compensation Law (Law)[1].

Claimant appealed the Bureau's determination to the referee. On March 19, 1993, the referee, after having notified both Employer and Claimant, convened for the scheduled hearing in the matter; neither Employer nor Claimant appeared. On March 24, 1993, the referee issued a decision and order reversing the Bureau's determination. The referee granted Claimant benefits reasoning that because Employer failed to appear at the hearing, it failed to sustain its burden of demonstrating Claimant's willful misconduct. Employer appealed the referee's determination to the Board and requested a remand hearing in the matter.[2]

1. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e). Section 402(e) provides:

   An employe shall be ineligible for compensation for any week—
   (e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work, irrespective of whether or not such work is "employment" as defined in this act.

2. Employer asserted before the referee and the Board that the reason for its nonappearance at the hearing was because the hearing notice

On June 8, 1993, the Board affirmed the referee's decision. The Board denied Employer's request that the matter be remanded for a hearing. Instead, the Board issued a decision reiterating the referee's reasoning, i.e., that because Employer failed to appear for the scheduled hearing and because it was Employer's burden to establish willful misconduct, benefits were properly awarded.

On appeal,[3] Employer requests that we remand the matter for a hearing before the referee. Employer argues that it was error for the Board to render a decision based upon Employer's nonappearance at the hearing since both parties were absent. We agree that the matter should be remanded, but for a determination by the Board on the available record, rather than for a hearing as requested by Employer.

■ 34 Pa.Code § 101.51 sets forth the procedure in unemployment compensation matters were one or more of the parties fails to appear for a hearing:

> If any party duly notified of the date, hour and place of a hearing fails to attend a hearing without proper cause, the hearing may be held in his absence. *In the absence of all parties, the decision may be based upon the pertinent available records.* The tribunal may take such other action as may be deemed appropriate. (Emphasis added).

In *Gadsden v. Unemployment Compensation Board of Review,* 84 Pa.Commonwealth Ct. 375, 479 A.2d 74 (1984), in arriving at the policy to be followed in unemployment compensation matters, we stated that Section 101.51 should be read together with Section 502 of the Law, 43 P.S. § 822, which provides as follows:

was misdirected in its office and was never received by the person in charge of such matters in its organization.

3. We note that our scope of review is limited to determining whether constitutional rights have been violated, whether errors of law have been committed, or whether necessary findings are supported by substantial evidence. *Uniontown Newspaper, Inc. v. Unemployment Compensation Board of Review,* 126 Pa.Commonwealth Ct. 102, 558 A.2d 627 (1989).

> Where an appeal from the determination ... of the department is taken, a referee shall, after affording the parties and the department reasonable opportunity for a fair hearing, affirm, modify, or reverse such findings of fact and the determination ... of the department as to him shall appear just and proper....

In *Gadsden,* we stated:

> Section 502 of the Law when read together with 34 Pa. Code § 101.52, reveals, in our view, the Legislature's intention that referees decide unemployment compensation cases on their merits, even in the absence of a party or *indeed both parties.* (Emphasis added).

*Gadsden,* 84 Pa.Commonwealth Ct. at 379, 479 A.2d at 76.

■ Here, the situation before the referee and the Board was one in which both parties failed to appear for the scheduled hearing. In such a situation, as provided in Section 101.51, it is within the tribunal's discretion to render a determination upon the "pertinent available records," or to reschedule a hearing and notify the employer and the claimant of the new hearing date. The referee and Board chose to dispose of this matter in the absence of both Employer and Claimant. Having so decided, it was incumbent upon the referee and Board to render a decision based on the "pertinent available records;"[4] however, instead of so doing, they based their decision on the nonappearance of Employer as constituting a failure on the part of Employer to sustain its burden of demonstrating Claimant's willful misconduct. This was an error of law. Accordingly, we vacate the Board's decision and remand the matter to the Board for a determination based upon the "pertinent available records."[5]

4. We note that the referee in this matter specifically noted and accepted into the record the documents that were before the Bureau previously referenced herein. (See Original Record, Transcript of Testimony, p. 1–2).

5. As the Board is the ultimate fact finder in unemployment compensation proceedings, we leave it to the Board's discretion to determine whether to review the record and decide the matter or whether to further remand the matter to the referee for such a determination.

## *ORDER*

AND NOW, this 15th day of March, 1994, the order of the Unemployment Compensation Board of Review dated June 8, 1993 is vacated and the matter is remanded with direction to the Board to issue a decision consistent with this opinion.

Jurisdiction relinquished.