IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pat Kremis,                   :
           Petitioner        :
                               :
           v.                  : No. 1356 C.D. 2017
                               : Submitted: February 9, 2018
Unemployment Compensation    :
Board of Review,               :
           Respondent      :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                  HONORABLE MICHAEL H. WOJCIK, Judge
                  HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI               FILED: March 5, 2018

Pat Kremis (Claimant) petitions for review the order of the Unemployment Compensation Board of Review (Board) affirming the Referee's decision finding that he failed to prove that he was discharged from his job and, therefore, was ineligible for unemployment compensation (UC) benefits under Section 402(b) of the Unemployment Compensation Law (Law).[1] For the following reasons, we vacate the Board's order.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b).

## I.

Claimant was employed by Flik Lifestyles (Employer) as a full-time cook. On February 8, 2017, Carlos Calzado (Calzado), Employer's Executive Chef, told Claimant that the following day, he would be expected to assist another employee in serving breakfast to residents in the health center. Claimant refused. Employer and Claimant disagree as to whether Claimant's refusal and his failure to return to work constitute a voluntary separation or discharge from employment.

After separating from his employment, Claimant applied for UC benefits with the Erie Service Center (Service Center). In the Claimant Questionnaire, Claimant stated that he had been discharged for the following reason:

> Another cook did not want to do their [sic] job. [Calzado] wanted me to do it, but it was not part of my job flow. Instead of firing the other person, he fired me.

(Record (R.) Item No. 3, Claimant Separation Information, Claimant Questionnaire.) Claimant submitted to an oral interview with the Service Center where he further explained the reason for his discharge:

> I did not do the job that was requested by [Calzado]. It was not part of my job. I was cold side personnel. I was given more work to do because the . . . hot cook did not want to serve the hot food that day. [Calzado] wanted me to do [the] hot side cook['s] job as well as my job. It was at the end of the day when it happened. I was fired right then. I said to him that he wanted me to do her job as well as mine without any additional help. She was not fired for not doing her job. [Calzado] told me that she

2

did not want to do her job, but she was not fired. It was never part of my job to do her job. My job description does not say that I am to prepare and deliver food.

(R. Item No. 5, Records of Oral Interviews (Claimant), 3/8/2017.)

Employer, in its questionnaire, stated that the cause of separation was "[v]oluntary quit by job abandonment." (R. Item No. 4, Employer Separation Information, Employer Questionnaire.) Employer stated that when Claimant was asked to assist another worker, he refused and said "no-one [sic] helps me so I am not going to help anyone else." (*Id.*, Associate Counseling Report.) Calzado then invited Claimant into his office to discuss the matter further, but Claimant refused to do so. At that point, Calzado said to Claimant "[I]f you do not want to do what a manager asks you to do then perhaps you are working in the wrong kitchen." (*Id.*) Claimant then left and did not return to work for the remainder of the week. Dolores Bridgewater (Bridgewater), Employer's Assistant Director, attempted to reach Claimant and left a message. Claimant never returned the message and never came back to work.

When asked in a later oral interview why Employer would say that he walked off the job if he did not, Claimant replied, "I can't answer that question. I have been there for 6 years and would not walk off the job without having another job." (R. Item No. 5, Records of Oral Interviews (Claimant), 4/12/2017.)

Based on the information provided, the Service Center determined that Claimant voluntarily left his employment and denied benefits. Claimant

3

appealed, alleging that he had not voluntarily quit, but was discharged without just cause.

At the time set for the hearing on the appeal, neither Claimant nor Employer appeared. Apparently, based on the records in the Service Center file, the Referee found Claimant ineligible for benefits. The Referee stated that "[t]he claimant quit the employment," and Claimant failed to establish that he had a necessitous and compelling reason to do so. (R. Item No. 11, Referee's Decision/Order, 5/18/2017 (Ineligible).) Again, contending that he had been discharged rather than having quit, Claimant appealed to the Board. The Board affirmed and this appeal followed.[2]

## II.

In his *pro se* petition for review, Claimant contends that he is eligible for benefits because he was discharged from his employment without just cause rather than having voluntarily quit.[3]

---

[2] In reviewing a decision of the Board, our scope of review is limited to determining whether the Board violated any constitutional rights or committed an error of law, or whether substantial evidence supports the necessary findings of fact. *Key v. Unemployment Compensation Board of Review*, 687 A.2d 409, 411, n.2 (Pa. Cmwlth. 1996).

[3] Under Section 402(b) of the Law, an employee is ineligible for UC benefits for any week "[i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . ." 43 P.S. § 802(b). It is the claimant's burden to prove that his separation from employment was a discharge. *Kassab Archbold & O'Brien v. Unemployment Compensation Board of Review*, 703 A.2d 719, 721 (Pa. Cmwlth. 1997). Whether a claimant's separation from employment is a voluntary resignation or a discharge is a question of law to be determined by examining the facts surrounding the claimant's termination of employment. *Pennsylvania Liquor Control Board v. Unemployment Compensation Board of Review*, 648 A.2d 124 (Pa. Cmwlth. 1994). If a claimant has voluntarily quit employment, then
**(Footnote continued on next page…)**

4

In this case, both Claimant and Employer failed to appear at the hearing. When that occurs, 34 Pa. Code § 101.51 provides:

> If any party duly notified of the date, hour and place of a hearing fails to attend a hearing without proper cause, the hearing may be held in his absence. **In the absence of all parties, the decision may be based upon the pertinent available records.**

(Emphasis added.) *See also Gadsden v. Unemployment Compensation Board of Review*, 479 A.2d 74 (Pa. Cmwlth. 1984) (holding that 34 Pa. Code § 101.51, taken together with Section 502 of the Law,[4] allows referees to decide the merits of a UC claim, even in the absence of both parties).

---

**(continued…)**

the claimant has the burden of proving cause of a necessitous and compelling nature. *Brunswick Hotel & Conference Center, LLC v. Unemployment Compensation Board of Review*, 906 A.2d 657 (Pa. Cmwlth. 2006).

[4] Section 502 of the Law provides, in pertinent part:

> Where an appeal from the determination or revised determination . . . of the department is taken, a referee shall, after affording the parties and the department reasonable opportunity for a fair hearing, affirm, modify, or reverse such findings of fact and the determination or revised determination . . . of the department as to him shall appear just and proper.

43 P.S. § 822.

Because neither party appeared, the Referee decided the appeal based on the pertinent available records contained in the Service Center file. In finding Claimant ineligible for benefits, the Referee made only two findings of fact:

1. The claimant worked for Flik Lifestyles from March 1, 2011 through February 8, 2017.

2. The claimant quit employment.

(R. Item No. 11, Referee's Decision/Order, 5/18/2017 (Ineligible).) Claimant appealed to the Board, which affirmed based on the Referee's decision, and this appeal followed.

While 34 Pa. Code § 101.51 provides that in the absence of the parties, the Referee may make a decision based upon the pertinent available records, the Referee is still not excused from making findings and explaining the rationale for the determination. *Eckert v. Unemployment Compensation Board of Review*, 483 A.2d 1059 (Pa. Cmwlth. 1984). Where findings are not made which may be legally determinative of a claimant's eligibility for unemployment benefits, it is not possible for this Court to perform appellate review. *McGoldrick v. Unemployment Compensation Board of Review*, 526 A.2d 461, 463 (Pa. Cmwlth. 1987). In finding Claimant ineligible for benefits, the Referee only stated that "the competent evidence indicated that Claimant quit his employment," and that "there is no competent evidence in the record to support a finding that the Claimant's reason for leaving employment was of a necessitous and compelling nature." (R. Item No. 11, Referee's Decision/Order, 5/18/2017 (Ineligible).) However, there were conflicting pertinent records as to whether Claimant was discharged without

6

just cause or whether he voluntarily left employment. Neither the Referee nor the Board explained why they accepted Employer's version of events rather than Claimant's version that he was terminated without just cause.

In addition, Claimant admits in his brief that he was duly notified of the date, hour and place of the hearing, but he "was so consumed with finding another job" that he forgot the date of the hearing. (Claimant's Brief, p. 7.) Generally, it is well settled that a party's own negligence is not a good cause for failing to appear before a referee. *Eat'N Park Hospitality Group, Inc. v. Unemployment Compensation Board of Review*, 970 A.2d 492, 494 (Pa. Cmwlth. 2008). However, in *Clairton Municipal Authority v. Unemployment Compensation Board of Review*, 639 A.2d 921 (Pa. Cmwlth. 1994), we held that where both parties fail to appear for a hearing, the Referee has the discretion to reschedule the hearing and notify the employer and the claimant of the new hearing date.

Accordingly, we vacate the Board's order and remand for sufficient findings to be made so that we may exercise appellate review or for the Board to exercise its discretion to order a new hearing.

_____
DAN PELLEGRINI, Senior Judge

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pat Kremis,                              :
                  Petitioner            :
                                         :
            v.                           : No. 1356 C.D. 2017
                                         :
Unemployment Compensation                :
Board of Review,                         :
                  Respondent            :


**O R D E R**


AND NOW, this 5<u>th</u> day of <u>March</u>, 2018, the Unemployment Compensation Board of Review's order dated August 9, 2017, is vacated and the matter is remanded for the Board to either issue sufficient findings in support of its adjudication so that we may exercise appellate review or exercise its discretion to order a new hearing.


Jurisdiction relinquished.


_____
DAN PELLEGRINI, Senior Judge