# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nicole Maire Gibson, :
                 Petitioner :
                 :
           v. : No. 1732 C.D. 2018
                 : Submitted: August 16, 2019
Unemployment Compensation :
Board of Review, :
                 Respondent :


BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
                 HONORABLE P. KEVIN BROBSON, Judge
                 HONORABLE CHRISTINE FIZZANO CANNON, Judge


<u>OPINION NOT REPORTED</u>


MEMORANDUM OPINION BY
JUDGE COHN JUBELIRER             FILED: November 7, 2019

Nicole Maire Gibson (Claimant) petitions for review of a December 7, 2018 Order of the Unemployment Compensation (UC) Board of Review (Board) that adopted and affirmed the Referee's Decision finding Claimant ineligible for benefits under Section 402(b) of the UC Law.[1] The Referee determined Claimant quit her part-time employment without a necessitous and compelling reason based upon the record before the Referee because neither Claimant nor Springwood Hospitality d/b/a Hilton (Employer) appeared at the hearing. The Board subsequently refused to remand for a new hearing, concluding Claimant did not have a legally sufficient

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b) (providing an employee is ineligible for compensation if the employee voluntarily left work without cause of a necessitous and compelling nature).

reason for missing the first hearing. Further, because Claimant failed to appear for the first hearing, the Board agreed with the Referee that Claimant offered no competent evidence that she was terminated instead of voluntarily quit. Based on a review of the record, we are constrained to affirm.

## I. BACKGROUND

Claimant was employed part-time by Employer as a housekeeper. On March 25, 2018, Claimant filed a claim for UC benefits, indicating that she was discharged from her job with Employer without reason. (Internet Initial Claims, Certified Record (C.R.) Item 2.) Upon receipt of the claim, the local Service Center requested additional information through oral interviews from Claimant and Employer. Employer provided a statement that "she did not show up for her shift and she did not return manager['s] calls she quit [sic]." (Employer Record of Oral Interview and Employer Questionnaire, C.R. Item 4.) In addition, Employer checked the voluntary quit box on the Employer Questionnaire. Claimant failed to respond to the local Service Center's phone call or letter requesting a return phone call to discuss the reason for her separation from employment. (Claimant Record of Oral Interview and Request for Information, C.R. Item 5.)

On April 13, 2018, the local Service Center issued a Notice of Determination, finding Claimant voluntarily quit for unknown reasons and because Claimant did not show she had a necessitous and compelling reason for quitting, she was ineligible for benefits under Section 402(b) of the UC Law. (Notice of Determination, C.R. Item 6.)

## A. Claimant's Appeal to the Referee

On April 19, 2018, Claimant appealed the Notice of Determination to a Referee for a hearing regarding whether Claimant was discharged or voluntarily left work. (Claimant's Petition for Appeal, C.R. Item 7.) A hearing was scheduled for 10:15 a.m. on May 11, 2018, at the Harrisburg Referee Office. (Notice of Hearing, C.R. Item 9.) The Notice of Hearing provided that the parties "MUST report at least 15 minutes prior to the designated hearing time to review the file." (*Id.*) The Notice of Hearing further advised that "[i]f you are prevented from attending the scheduled hearing because of a compelling reason, you may request to have the hearing reopened." (*Id.*) To do so, the Notice of Hearing advised that the party requesting the hearing to be reopened must "set forth specific reasons and circumstances that are alleged to constitute 'proper cause' for non-appearance at the scheduled hearing." (*Id.*)

According to a transcript of the hearing, the Referee convened the hearing on May 11, 2018, at 10:16 a.m. and closed the hearing at 10:21 a.m., with neither Claimant nor Employer appearing or contacting the Referee's Office to seek a continuance or explain their non-appearance. (Hr'g Tr. at 1-2, C.R. Item 11.) In addition, the Referee noted that "[t]here's also nothing in the hearing file to indicate that either party contacted the Referee's Office prior to this scheduled start of today's hearing to indicate that they were running late for the hearing." (*Id.* at 1.) Based upon the competent documentary evidence of record, the Referee found that Employer provided information to the local Service Center that Claimant did not show up for her scheduled shifts or return the manager's telephone calls. (Referee Decision at 2, C.R. Item 12.) Claimant, on the other hand, did not respond to the local Service Center's request for additional information. Because Claimant did not

3

appear to offer testimony or evidence related to her separation from employment, the Referee concluded there was not competent evidence of record to support a finding that Claimant quit for necessitous and compelling reasons. Accordingly, the Referee found Claimant was ineligible for benefits under Section 402(b) of the UC Law.[2]

### B.     Claimant's Appeal to the Board

Claimant appealed the Referee's Decision to the Board.[3] (Claimant's Petition for Appeal, C.R. Item 15.) The Board noted that Claimant alleged she was five minutes late for the first hearing because she went to the wrong building. (Board Order, C.R. Item 22.) However, the Board found that the transcript showed the hearing closed at 10:21 a.m., six minutes after the hearing's scheduled start time, with neither party appearing. The Board further found that the Notice of Hearing provided the correct address and advised parties to arrive 15 minutes early. The Board determined the excuse that Claimant went to the wrong location for her first

---

[2] The Referee also ruled that Claimant failed to meet the criteria under *Unemployment Compensation Board of Review v. Fabric*, 354 A.2d 905 (Pa. Cmwlth. 1976), as Claimant was not in open-claim status at the time of separation, thus she did not qualify for any benefits. An employee who quits a part-time job without a necessitous and compelling reason can only be disqualified to the extent of the potential earnings. *Id*. at 908. In *Fabric*, we ruled an employee is only eligible for benefits if she is in open-claim status and receiving partial benefits at the time of separation. *Id*. at 907-08.

[3] Claimant's appeal was filed May 30, 2018, one day late. On June 5, 2018, the Board notified Claimant that the appeal was untimely and advised Claimant that she could request a hearing on the timeliness issue, which Claimant did. (Board's Response to Late Appeal, C.R. Item 16; Claimant's Request for a Remand Hearing, C.R. Item 17.) On July 16, 2018, a hearing was held at which Claimant testified that her landlord had stopped her mail at her previous address and prevented Claimant from receiving the Referee's Decision. The Board credited Claimant's testimony that she did not receive the Referee's Decision and found Claimant's late appeal was due to non-negligent circumstances. (Board Order, C.R. Item 22.) Therefore, the Board considered Claimant's appeal on its merits.

hearing was legally insufficient to justify her nonappearance. Thus, the Board denied Claimant's remand request and determined that the Referee's Decision was proper. The Board adopted and incorporated the Referee's findings and conclusions as its own and affirmed the Decision of the Referee.

## II. PARTIES' ARGUMENTS

On appeal,[4] Claimant argues the merits of her underlying appeal and that there was an excuse for her lack of appearance at the hearing with the Referee. (Claimant's Amended Brief (Br.) at 3, 8.) Before this Court, Claimant argues that she was three minutes late to the first hearing with the Referee as she went to the wrong building. (*Id.* at 8.) Claimant notes that there is not proof that Claimant voluntarily quit under Section 402(b) of the UC Law. Claimant argues that the Referee made a mistake when rendering the Decision, based on the facts presented.

The Board responds that going to the wrong location is negligent conduct and cannot be a proper excuse for Claimant's nonappearance as a matter of law. (Board's Br. at 4.) The Board also asserts that Claimant failed to provide any competent evidence that Claimant was terminated. The Board notes that Employer denied Claimant's assertion that she was terminated. As Claimant failed to appear for the hearing, Claimant also did not provide any evidence contrary to Employer's statement or that she had a necessitous and compelling reason to quit. Therefore, the Board argues it did not err when it declined to remand for additional testimony and denied Claimant UC benefits.

---

[4] "Our review is limited to determining whether the necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated." *Johns v. Unemployment Comp. Bd. of Review*, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth. 2014).

5

## III. CLAIMANT'S FAILURE TO ATTEND HEARING

Section 101.51 of the Board's regulations provides:

> If a party notified of the date, hour and place of a hearing fails to attend a hearing **without proper cause**, the hearing may be held in [the party's] absence. In the absence of all parties, the decision may be based upon the pertinent available records. The tribunal may take such other action as may be deemed appropriate.

34 Pa. Code § 101.51 (emphasis added). Referees are to decide a case on its merits, even in the absence of both parties. *Gadsden v. Unemployment Comp. Bd. of Review*, 479 A.2d 74, 76 (Pa. Cmwlth. 1984). In addition, Section 101.24(a) of the Board's regulations provides:

> If a party who did not attend a scheduled hearing subsequently gives written notice, which is received by the tribunal prior to the release of a decision, and it is determined by the tribunal that [the party's] failure to attend the hearing was for reasons which constitute 'proper cause,' the case shall be reopened.

34 Pa. Code § 101.24(a).

Claimant argues she went to the wrong building and was three minutes late but should still receive a hearing to argue the merits of her unemployment claim as to whether she was terminated or voluntarily quit. The Board denied her remand request for a hearing on the merits, as the Notice of Hearing directed the parties to the correct address and informed them to arrive 15 minutes prior to the hearing time. (Board Order.)

Proper cause is shown if the claimant never receives the notice because it was not sent to the claimant's last known address. *Gadsden*, 479 A.2d at 76. A lack of proper notice of a hearing is not negligent conduct by the claimant so long as the correct address was entered or updated by the claimant. *Id.* at 75. In contrast, this

6

Court has held that a claimant's own negligence is not sufficient proper cause to justify a failure to appear. *Savage v. Unemployment Comp. Bd. of Review*, 491 A.2d 947, 950 (Pa. Cmwlth. 1985). In *DiBello v. Unemployment Compensation Board of Review*, 197 A.3d 819, 822 (Pa. Cmwlth. 2018), the claimant filed an untimely appeal after noticing that the employer failed to submit the correct number of weeks worked. *Id.* We held a claimant's negligent reading of a notice does not constitute proper cause as a matter of law to justify a claimant's failure to appear. *Id.*

In the case before us, Claimant went to the wrong address, due to her own fault, and failed to attend the hearing. There is no evidence in the record that she attempted to contact the Referee's Office to let it know she was going to be late. Claimant's negligence is not proper cause to justify a new hearing or relief. Based on the above stated facts of this case, we cannot find the Board erred in denying a remand request as Claimant's excuse that she went to the wrong building was not a legally sufficient reason justifying her non-appearance at the initial hearing.

## IV. COMPETENT EVIDENCE

Claimant bears the burden to prove with competent evidence that Claimant has a right to UC benefits by: (1) proving that Claimant's separation was involuntary; or (2) proving Claimant had a necessitous and compelling reason to quit. *Spadaro v. Unemployment Comp. Bd. of Review*, 850 A.2d 855, 859-60 (Pa. Cmwlth. 2004). Before the hearing, in her "Internet Initial Claims," Claimant asserted that she was discharged from her job without reason. (C.R. Item 2.) Claimant failed to respond to the local Service Center's requests for additional information related to her separation from employment. (C.R. Item 5.)

7

Because Claimant failed to attend the hearing, the Referee decided the matter based upon the record. The only evidence of record was Employer's statement that Claimant did not show up for her shifts or return manager's calls, which Employer considered as evidence that Claimant voluntarily quit. (C.R. Item 4.) Claimant did not demonstrate either that her separation from Employer was involuntary or that she had a necessitous and compelling reason to quit. Thus, the Referee and Board did not err when they found Claimant ineligible for benefits under Section 402(b) of the UC Law.

## V.    CONCLUSION

Claimant bears the ultimate burden to prove the merits of her claim, but she has not proffered any evidence in this case to meet that burden. Claimant argued that she should have been given a hearing to provide evidence that she had an excuse for failing to timely attend the hearing that was provided to her. However, Claimant's excuse that she accidentally went to another building causing her to run late is not non-negligent conduct and, therefore, not proper cause to warrant a new hearing. Thus, the Board did not err in denying Claimant's request for remand to receive a new hearing on the merits of her appeal. As we are constrained by the record before us and Claimant's lack of evidence, we must affirm the Board's Order adopting and affirming the Referee's Decision that Claimant was ineligible for benefits under Section 402(b) of the UC Law.

_____
**RENÉE COHN JUBELIRER,** Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nicole Maire Gibson,          :
                      Petitioner    :
                              :

               v.               :    No. 1732 C.D. 2018
                              :

Unemployment Compensation   :
Board of Review,              :
                   Respondent  :

# **O R D E R**

    **NOW**, November 7, 2019, the Order of the Unemployment Compensation Board of Review, dated December 7, 2018, is **AFFIRMED.**

_____
**RENÉE COHN JUBELIRER,** Judge