# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tina Farmer,               :
           Petitioner       :
                               :
         v.                   :    No. 1387 C.D. 2019
                               :    Submitted: May 29, 2020
Unemployment Compensation    :
Board of Review,                 :
           Respondent     :

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**           **FILED: November 23, 2020**

Petitioner Tina Farmer (Claimant) petitions, *pro se*, for review of an order of the Unemployment Compensation Board of Review (Board), which affirmed a decision by a Referee denying benefits pursuant to Section 402(b) of the Pennsylvania Unemployment Compensation Law (Law).[1] We now affirm the Board's order.

Claimant filed a claim for unemployment compensation benefits following the end of her employment with Robert Half, Account Temps (Employer).

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b). Section 402(b) of the Law provides that an employee shall be ineligible for compensation for any week in which his or her unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature.

(Certified Record (C.R.), Item No. 1.) The Erie UC Service Center denied benefits pursuant to Section 402(b) of the Law. (C.R., Item No. 6.) Claimant appealed, and a hearing was scheduled for April 29, 2019. (C.R., Item Nos. 7, 9.) By letter dated April 20, 2019, Claimant informed the Referee that she would be unable to attend the hearing because she was leaving for job training on April 22, 2019, was starting a new job with Schneider Trucking Company, and would not be able to answer her phone during training. (C.R., Item No. 10.) Claimant did not explicitly request a continuance of the hearing, and the Referee did not act on the letter. (C.R., Item No. 10.)

The Referee conducted the hearing without Employer or Claimant in attendance. (*Id*.) The Referee issued a decision on May 5, 2019, denying benefits pursuant to Section 402(b) of the Law. In so doing, the Referee made the following findings of fact:

> 1. For purposes of this appeal, the claimant filed an application for unemployment compensation benefits, effective February 24, 2019.
>
> 2. The claimant voluntarily quit her employment with [Employer] and last worked on February 14, 2019.

(C.R., Item No. 12.) The Referee reasoned:

> Although duly notified of the date, time and place of the unemployment compensation hearing, neither the claimant nor the employer appeared for the hearing to present testimony and evidence on the issues under appeal. The above findings represent a careful review of the competent documentary evidence, under which the Referee renders the following decision.
>
> . . . .
>
> In the present case, the competent evidence before the Referee indicates the claimant voluntarily quit the employment. However, the claimant did not appear to offer testimony or evidence, and there is not competent evidence in the record to support a finding that the claimant's reason for leaving employment was of a necessitous and

2

compelling nature. As such, the claimant is ineligible for benefits under Section 402(b) of the Law.

(*Id.*)

Claimant appealed to the Board, which remanded the case to the Referee. (C.R., Item Nos. 13, 15.) The Board instructed the Referee to receive testimony and evidence on Claimant's reason for her nonappearance at the first hearing, as well as testimony and evidence on the merits, the latter for possible consideration by the Board should the circumstances warrant it. (C.R., Item No. 15.)

As for the reason for her nonappearance, Claimant testified at the hearing that her job training started on April 23, 2019, and was expected to last until May 24, 2019. (C.R., Item No. 17 at 6.) Claimant attended the training in Carlisle, Pennsylvania, from April 23, 2019, to April 24, 2019. (*Id.*) Claimant testified that, during the training in Carlisle, she was informed that her medical history would require her to obtain a medical waiver in order to obtain a Commercial Driver's License (CDL). (*Id.*) Thus, in order to continue training, Claimant was required to leave training and obtain a medical waiver before returning. (*Id.*) Claimant testified that she returned to Philadelphia to obtain a medical waiver, and, on the day of the scheduled hearing, April 29, 2019, Claimant was "going back and forth to the doctor's office trying to get the doctor . . . to approve me." (*Id.* at 7.) Claimant testified that this was necessary because she did not have a medical doctor available at that time to produce a medical waiver; instead, she was being seen by nurse practitioners. (*Id.*) Further, when Claimant was asked if she could have participated by telephone on April 29, 2019, Claimant responded by saying that "[i]f [she] was in a doctor's office[,] [she] was not going to be able to speak to anyone." (*Id.* at 8.) Claimant was not sure if she was at the doctor's office at 8:30 a.m., on April 29, 2019, the time and date of the hearing, but she testified that she was there

at some point during the day. (*Id*.) Claimant was asked if she tried to request that the first hearing be rescheduled, to which Claimant answered that she was not sure if she did. (*Id*. at 9.) Claimant then provided testimony concerning the merits of her appeal under Section 402(b) of the Law in the event that she proved proper cause for her nonappearance at the April 29, 2019 hearing. (*Id*. at 10.)

> As to Claimant's failure to appear at the first hearing, the Board wrote:

> The Board determines that the claimant did not have good cause for failing to appear at the scheduled hearing under the circumstances. First, she was not out[ ]of[ ]town starting new employment or attending training on the day of the hearing, as originally represented to the Referee's office. Second, she failed to follow up with the Referee's office when her circumstances changed to determine if the hearing was still on or possibly to request a continuance based on new grounds. Third, the Board does not credit the claimant's testimony that she was unable to attend the hearing because she was at a doctor's office on April 29, 2019, as she was unsure of the times she was at the doctor's office. Moreover, the claimant merely alluded to a back-and-forth with the doctor's office to obtain a letter approving her to attend training, as opposed to a scheduled medical appointment on that day. Therefore, the Board has not considered the testimony and evidence on the merits offered at the remand hearing.

(C.R., Item No. 18.) The Board adopted and incorporated the Referee's findings and conclusions and affirmed the Referee's decision. Claimant then petitioned this Court for review of the Board's order.

On appeal,[2] Claimant argues that the Board erred in determining that she failed to establish proper cause for her nonappearance at the April 29, 2019 hearing. She also argues that the Board erred in concluding that she did not have necessitous and compelling reasons to resign her employment.

---

[2] This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. 2 Pa. C.S. § 704.

With regard to Claimant's nonappearance, Section 101.51 of the Board's regulations, 34 Pa. Code § 101.51, provides:

> If a party notified of the date, hour and place of a hearing fails to attend a hearing without proper cause, the hearing may be held in his absence. In the absence of all parties, the decision may be based upon the pertinent available records. The tribunal may take such other action as may be deemed appropriate.

Referees are to decide a case on its merits, even in the absence of both parties. *Gadsden v. Unemployment Comp. Bd. of Rev.*, 479 A.2d 74, 76 (Pa. Cmwlth. 1984). When a party contends that he or she has a "proper cause" for his or her nonappearance, the Board must make an independent determination that the reasons proffered constitute proper cause. *McNeill v. Unemployment Comp. Bd. of Rev.*, 511 A.2d 167, 169 (Pa. 1986). A party's own negligence is not sufficient to establish proper cause for failing to appear at a Referee's hearing. *Eat'N Park Hosp. Grp., Inc. v. Unemployment Comp. Bd. of Rev.*, 970 A.2d 492, 494 (Pa. Cmwlth. 2008) (holding that referee's inability to contact employer on day of hearing due to failure of employer to inform referee of change in telephone number is not proper cause for nonappearance).

Here, after Claimant sent the letter on April 20, 2019, informing the Referee that she would not be able to attend the hearing, she had not received any notification stating the hearing had been canceled or continued to a future date. Claimant never attempted to check on the status of the hearing or make arrangements to attend once her plans changed. Instead, she chose to assume the hearing was either canceled, would be held on some other day, or would be of no consequence. Claimant was in the area on the day of the scheduled hearing. Claimant's testimony that she was at the doctor's office and unavailable at the scheduled hearing time and date to attend

5

in person or by phone was not credited by the Board.[3]  Claimant has not shown any non-negligent circumstances which would support a showing of proper cause for her nonappearance at the April 29, 2020 hearing.  Thus, the Board did not err in determining that Claimant failed to establish proper cause for her nonappearance at the April 29, 2019 hearing.

Claimant's argument that the Referee and Board erred in concluding that she failed to prove necessitous and compelling reasons for resigning her employment also fails.  Because Claimant did not establish proper cause for her nonappearance at the hearing, the Board did not consider Claimant's testimony and evidence on the merits that she presented at the remand hearing, and we cannot consider that testimony on appeal.  Furthermore, Claimant does not cite any legal authority, develop any argument in her brief, or point to any evidence in the certified record in support of her contention that the Referee and Board erred in concluding that she failed to establish necessitous and compelling reasons.  Thus, Claimant waived this issue.  *See Ruiz v. Unemployment Comp. Bd. of Rev.*, 911 A.2d 600, 605 n.5 (Pa. Cmwlth. 2006) ("When issues are not properly raised and developed in a brief, . . . this Court will not consider the merits of the issue.").

Accordingly, the order of the Board is affirmed.

P. KEVIN BROBSON, Judge

---

[3] The Board is the ultimate fact-finder in unemployment compensation matters and is empowered to resolve all conflicts in evidence, witness credibility, and weight accorded the evidence. *Dumberth v. Unemployment Comp. Bd. of Rev.*, 837 A.2d 678 (Pa. Cmwlth. 2003) (*en banc*).  Witness credibility is solely within the Board's province, and credibility determinations cannot be disturbed on appeal. *First Fed. Sav. Bank v. Unemployment Comp. Bd. of Rev.*, 957 A.2d 811, 815 (Pa. Cmwlth. 2008).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tina Farmer,                                          :
                 Petitioner            :
                               :
         v.                                          :    No. 1387 C.D. 2019
                               :
Unemployment Compensation                 :
Board of Review,                                      :
                 Respondent          :

# **O R D E R**

AND NOW, this 23rd day of November, 2020, the order of the Unemployment Compensation Board of Review is AFFIRMED.

 

 

                                               _____

                                               P. KEVIN BROBSON, Judge