James E. Collins, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 7, 1980, before Judges WILKINSON, JR., CRAIG and WILLIAMS, JR., sitting as a panel of three.

*Robert B. Truel, Truel and Ploeger,* for petitioner.

*Elsa D. Newman-Silverstine,* Assistant Attorney General, with her *Richard Wagner,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., June 4, 1980:

The petitioner, James E. Collins (Claimant), appeals from an order of the Unemployment Compensation Board of Review (Board) denying him benefits. The Board affirmed the referee's decision that the Claimant was ineligible on grounds of willful misconduct, under Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). In this appeal the Claimant asserts that he did not receive a fair and impartial hearing before the referee. We agree.

Until August 22, 1978 the Claimant was employed as a service station manager for the Boron Oil Company. On that date he was discharged for allegedly

refusing to perform certain job duties, after having been warned that such refusal would result in his discharge. In the instant appeal, we need not consider whether the record evidence established a case of willful misconduct within the meaning of Section 402(e) of the Law. Instead, we direct our attention to the manner in which the referee conducted the hearing.

The Claimant contends, without dispute by the Board, that he appeared at the referee's office prior to 2:30 p.m. on October 16, 1978, the time designated for the hearing. It is also undisputed by the Board, that when Claimant and his counsel arrived at the office they reported to a secretary as instructed by a sign in the hallway, and were directed by the secretary to seats in a designated hallway area. Claimant's counsel went to the men's room and then returned to his seat in the hallway, whereupon he was advised by the secretary to go into the referee's office.

When Claimant and his counsel entered the referee's office at 2:35 p.m. the hearing had already been concluded. The referee denied counsel's request to begin the hearing *de novo* and would only replay the tapes of the employer's evidence, which had been given in the absence of Claimant and his counsel.

The Board asserts that "although the referee did receive testimony from the two employer representatives without the presence of either the claimant or his attorney, such conduct did not bias the claimant." This argument we find unacceptable.

The Board's reliance on the hearing regulations set forth in 34 Pa. Code §101.21 is unavailing. While those regulations give the referee the power to determine the order in which evidence is presented, there is certainly nothing in those regulations permitting a referee to hear the evidence from the employer and to then conclude the hearing, all while the Claimant and

his counsel are in a hallway just outside the referee's office.

While an administrative tribunal is not bound by all the evidentiary and procedural rules of a law court, there are certain fundamental rights that must be honored, including the right to a fair hearing in accordance with due process of law. *Smith v. Pennsylvania State Horse Racing Commission*, 18 Pa. Commonwealth Ct. 1, 333 A.2d 798 (1975). For the referee to conduct the hearing in the absence of the instant Claimant and his counsel fell woefully short of due process standards.

Accordingly, for the reasons set forth, we must remand this case for a new hearing.

### ORDER

AND Now, the 4th day of June, 1980, the order of the Unemployment Compensation Board of Review dated January 10, 1979, in Decision No. B-167776, is hereby vacated and the case is hereby remanded to the Board for a new hearing before a referee.