Carol A. Ortiz, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

328

Submitted on briefs June 4, 1984, to Judges ROGERS, COLINS and BARBIERI, sitting as a panel of three.

*Edward F. Chacker*, with him, *T. J. Scully, Gay & Chacker, P.C.*, for petitioner.

*Charles Hasson*, Deputy Chief Counsel, for respondent.

*Barry Simon*, with him, *Nicholas N. Price, Schnader, Harrison, Segal & Lewis*, for intervenor, Spring Garden Health Center.

OPINION BY JUDGE BARBIERI, September 27, 1984:

Carol Ortiz, Claimant, appeals here an order of the Unemployment Compensation Board of Review

(Board) which affirmed a referee's dismissal for non-appearance the claimant's appeal from a determination by the Office of Employment Security (OES) denying her benefits for willful misconduct under Section 402(e) of the Unemployment Compensation Law.[1] She seeks a remand for a referee's hearing on the merits.

Claimant timely appealed the referee's dismissal to the Board requesting remand for a hearing on the merits contending that (1) she had good cause for her and her lawyer's late arrival at the referee's hearing, the lateness being minimal, fixed by her at less than 10 minutes, and (2) the referee was without authority to dismiss her appeal solely for her failing to arrive at the hearing on time and without disposition on the merits.[2] The Board affirmed the dismissal order, and Claimant now reasserts here basically the same contentions presented by her to the Board. We will remand for relief on both contentions.

Before the OES the employer contended that Claimant was discharged for tardiness while she claimed that her discharge was because she had filed a grievance. The OES denied benefits on the ground of willful misconduct because of tardiness. On the appeal, as noted, the referee failed to reach this issue, stating:

> there being no appearance by the appellant claimant at the scheduled Referee hearing on the captioned case, pursuant to the Rules of Procedure governing appeals before the Unem-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

[2] At the hearing, after the referee had noted and admitted the documents constituting the OES record, on motion of the employer the appeal was dismissed for nonappearance of Claimant the referee stated:

ployment Compensation Board of Review and its Referees contained in Title 34, Pennsylvania Code 101.51, which permits the Referee and/or the Unemployment Compensation Board of Review, *in the absence of all parties* to inter alia take such other action as must be deemed appropriate; the Referee makes the following:

### ORDER

The petition for appeal filed by the claimant is dismissed. (Emphasis added.)

The Board's order was simply that "[t]he determination of the Office of Employment Security is affirmed and benefits are denied."

The Board's Rule of Procedure, 34 Pa. Code §101.51, specifically relied upon the referee, entitled Absence of Party, reads:

If any party duly notified of date, hour and the place of a hearing fails to attend without proper cause, the hearing may be held in his absence. In the absence of all parties the decision may be based upon the pertinent available records. The tribunal may take such other action as may be deemed appropriate. *Id.*

Claimant argues that the referee has incorrectly interpreted §101.51; that initially Claimant should have been heard as to her late arrival at the hearing and on her contention that her lateness being minimal should have been excused and a hearing held on the

---

QR: The employer's representative has requested that the Referee to dismiss the claimant, in this case, the claimant being the appellant, to dismiss her appeal on the failure of the claimant, the appellant not being present at the hearing. The request was made proper, and therefore the Referee will honor the request.

merits of her appeal, relying upon our decision in *Collins v. Unemployment Compensation Board of Review,* 51 Pa. Commonwealth Ct. 647, 415 A.2d 145 (1980) ;[3] that, furthermore, §101.51 required the referee to hold a hearing on the merits because one of the parties, the employer, was present with witnesses, whereas §101.51 provides that only "in the absence of all parties [could] the decision [be] . . . based upon the pertinent available records," and that failing such treatment on the merits, particularly since the burden of proof was on the employer, the referee was not free to invoke the last sentence in §101.51, to "take such other action as may be deemed appropriate" and enter the dismissal as he did, solely for Claimant's late arrival at the hearing.

In this connection, we note that §101.24 of the Board's procedural rules provides a procedure for "Reopening of Hearing" where "the failure to attend the hearing was for reasons which constitute 'proper cause,' " and while we have no proof that application "in writing" was made to the referee, as required by §101.24, such a written application was indeed made to the Board, as also authorized by the rule, and we are not aware that either the referee or Board complied with the further provision in §101.24 that should the request to reopen be denied, the referee or Board, as the case may be, shall "append to the record such request, any supporting material, and the ruling on the request, so that it shall be subject to review on further appeal . . ." to the Board or "to the Common-

---

[3] In *Collins*, the claimant and her counsel had arrived on time and were waiting outside of the referee's office; the claimant's lawyer was in the men's room when the case was called and the employer's testimony was taken and the hearing concluded within 5 minutes after the scheduled hearing time. We reversed and remanded "for a new hearing before a referee."

wealth Court." We find nothing in the record to indicate compliance with this requirement of $101.24.[4]

Furthermore, we must remand in any event under our holding in the recent case of *Gadsden v. Unemployment Compensation Board of Review,* 84 Pa. Commonwealth Ct. 375, 479 A.2d 74 (1984). In that case where, as here, the denial of benefits by OES was for willful misconduct and the referee on appeal dismissed for nonappearance, we stated:

Section 502 of the Law, when read together with 34 Pa. Code §101.51, reveals, in our view, the Legislature's intention that referees decide unemployment compensation cases on their merits, even in the absence of a party or indeed both parties. Moreover, the Pennsylvania Supreme Court recently wrote in Miller v. Unemployment Compensation Board of Review,    Pa.   , 476 A.2d 364 (No. 43 W.D. Appeal Dkt. 1983, filed May 25, 1984) that "[w]e have long refused to give overly technical, restrictive readings to procedural rules, particularly when remedial statutes such as the Unemployment Compensation Act are involved. . . . Dismissals are particularly disfavored."

We believe, therefore, that the referee, despite the claimant's absence, should have rendered a decision on the merits with findings of fact based on the evidence of record.

---

[4] Claimant's request following the Board's decision under consideration here asked for reconsideration "with an opportunity to be heard on oral argument," complaining that "there has been no examination of the issue on the record, whether the few moments of lateness is excusable and therefore 'proper cause.' " The Board's action was a form letter reaffirming its decision of February 25, 1983, without comment or ruling as to the lateness question.

For the reasons stated, therefore, we will reverse the referee's dismissal and the Board's order affirming it and remand the record to the Board to first determine if Claimant had "proper cause" for not attending the referee's hearing. If proper cause is found, then the Board must order a remand and schedule a hearing so that both parties can present evidence on the merits of Claimant's appeal. If the Board determines, however, that Claimant did not have proper cause for failing to attend the referee's hearing, then it must issue a decision on the merits with findings of fact based upon the record before the referee including any testimony that the employer may wish to offer in support of its burden of proof and, additionally, attach to the record its reasons why proper cause was not found in the claimant's case.

### ORDER

Now, September 27, 1984, the order of the Unemployment Compensation Board of Review dated February 25, 1983, No. B-215265, is reversed and the record is remanded for proceedings consistent with our opinion in the above-captioned case. Jurisdiction is relinquished.