# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Berlin J. Theodore, : 
                Petitioner : 
                          : 
        v. : No. 1977 C.D. 2016
                          : Submitted: April 21, 2017
Unemployment Compensation : 
Board of Review, : 
               Respondent : 

BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
                  HONORABLE JULIA K. HEARTHWAY, Judge
                  HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**             **FILED: July 31, 2017**

Petitioner Berlin J. Theodore (Claimant) petitions for review of an order of the Unemployment Compensation Board of Review (Board), affirming a Referee's decision accepting Claimant's withdrawal of appeal pursuant to 34 Pa. Code § 101.55, pertaining to withdrawal or discontinuance of appeal, and implicitly denying Claimant's petition to re-open appeal. For the reasons set forth below, we vacate the Board's order and remand for further consideration in accordance with this opinion.

Claimant applied for unemployment compensation benefits on May 8, 2016, after being discharged from his employment with the Department of Defense/Logistics (Employer) on April 28, 2016. (Certified Record (C.R.), Item No. 4.) The Indiana Unemployment Compensation Service Center (Service

Center) issued a determination on July 1, 2016, finding Claimant ineligible for benefits under Section 402(e) of the Unemployment Compensation Law (Law),[1] relating to willful misconduct. (*Id.*) Claimant appealed the Service Center's decision on July 18, 2016, and the Board scheduled an evidentiary hearing to be conducted by the Referee on August 8, 2016. (C.R., Item Nos. 5, 7.) Claimant subsequently emailed the Referee on July 29, 2016, requesting to withdraw his appeal. (C.R., Item No. 8.) The Referee issued a withdrawal order on July 29, 2016, approving Claimant's request for withdrawal of appeal pursuant to 34 Pa. Code § 101.55. (C.R., Item No. 9.) Claimant filed a petition to appeal on August 10, 2016, seeking to "restart [his] appeal," which the Board treated as a petition to re-open an appeal. (C.R., Item No. 10.) By order dated September 8, 2016, the Board affirmed the Referee's withdrawal order as proper. (C.R., Item No. 11.) By order dated September 30, 2016, the Board vacated its September 8, 2016 order due to a typographical error.[2] (C.R., Item No. 12.) Thereafter, on October 3, 2016, the Board issued a new order, again affirming the Referee's withdrawal order. (C.R., Item No. 13.) Claimant now petitions this Court for review.

On appeal,[3] Claimant argues that the Board's decision violated his procedural due process right to a hearing protected by the Pennsylvania

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e).

[2] It appears that the error may have related to the decision number contained on the order.

[3] This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

Constitution. Claimant submits that, without a hearing, the Board could not consider all relevant facts and evidence.

The requirements of procedural due process are satisfied when a petitioner is provided notice and the *opportunity* to be heard and defend in an appropriate proceeding before an appropriate tribunal. *Dep't of Transp., Bureau of Driver Licensing v. Clayton*, 684 A.2d 1060, 1064 (Pa. 1996) (*Clayton*). The opportunity to be heard and defend in an unemployment compensation proceeding can be waived by withdrawing an appeal pursuant to 34 Pa. Code § 101.55. This regulation allows "a party who has filed an appeal" to "withdraw it with the approval of the tribunal before whom the appeal is pending." 34 Pa. Code § 101.55. This Court reviews the denial of a request to reinstate an appeal for an abuse of discretion. *See Neals v. City of Philadelphia,* 325 A.2d 341, 343 (Pa. Cmwlth. 1974). To determine whether the Board abused its discretion, we look to whether the law is overridden or misapplied, or the decision "is the result of partiality, prejudice, bias, or ill will." *Henderson v. Unemployment Comp. Bd. of Review*, 77 A.3d 699, 713 (Pa. Cmwlth. 2013). In so inquiring, we consider the totality of the circumstances surrounding the Board's decision. *Id.*

Claimant submits that his procedural due process rights were violated as a result of the Board's order, citing *Ortiz v. Unemployment Compensation Board of Review*, 481 A.2d 1383 (Pa. Cmwlth. 1984), in support. Claimant's argument is meritless, as *Ortiz* is readily distinguishable from Claimant's case.[4]

---

[4] In *Ortiz*, the petitioner did not voluntarily withdraw her appeal but rather appeared late to a scheduled evidentiary hearing. *Ortiz*, 481 A.2d at 1384. With regard to situations where a party fails to attend a scheduled hearing without proper cause, 34 Pa. Code § 101.51 provides:

> If any party duly notified of date, hour and the place of a hearing fails to attend without proper cause, the hearing may be held in his absence. In the absence of

**(Footnote continued on next page…)**

3

Unlike in *Ortiz*, here the Referee provided Claimant with an *opportunity* to be heard when the Referee scheduled the evidentiary hearing. *See Clayton*, 684 A.2d at 1064. Claimant voluntarily waived his opportunity to be heard when he withdrew his appeal. *See* 34 Pa. Code § 101.55.

We are, however, immediately faced with an impasse in our review of the Board's order for abuse of discretion. While Section 101.24 of the Board's regulation, 34 Pa. Code § 101.24, provides standards for reopening a hearing when a claimant fails to attend a scheduled hearing,[5] the Board's regulations are silent in the context of a reopen following voluntary withdrawal. If this were a workers' compensation case, the law would require consideration of whether Employer would suffer undue prejudice as a result of reopening the appeal. *See Powell v.*

_____

**(continued…)**

all parties the decision may be based upon the pertinent available records. The tribunal may take such other action as may be deemed appropriate.

We noted that 34 Pa. Code § 101.24 provides a procedure for reopening a hearing when a party has proper cause for the failure to attend a hearing. The Court held that pursuant to 34 Pa. Code § 101.24, the Board erred in affirming the referee's dismissal for nonappearance for three reasons: (1) the referee and Board failed to afford the petitioner the opportunity to be heard as to her late arrival; (2) the Board failed to append petitioner's request to reopen the hearing to the record so that it could be reviewed by the Board or Commonwealth Court on appeal; and (3) the referee should have rendered a decision on the merits with findings of fact based on the evidence of record. *Ortiz*, 481 A2d at 1385-86. We, therefore, reversed the Board's order affirming the referee's dismissal and remanded the matter to the Board to determine whether the petitioner had proper cause for her tardiness.

Here, Claimant did not fail to attend a scheduled hearing. Claimant's request to reopen the hearing does not, therefore, fall within the purview of 34 Pa. Code § 101.24. This regulation applies only to a party "who did not attend a scheduled hearing." Here, Claimant voluntarily withdrew his appeal, explicitly stating that "no additional action [was] required." (C.R., Item No. 8.)

[5] Section 101.24 requires "reasons which constitute 'proper cause'" when determining whether to reopen a hearing. 34 Pa. Code § 101.24.

*Workmen's Comp. Appeal Bd.*, 443 A.2d 426, 427-28 (Pa. Cmwlth. 1982). With regard to withdrawals in administrative matters, the Supreme Court of Pennsylvania elaborated:

> The power to adjust inequities prior to an administrative determination on the merits must necessarily be as broad as the powers that are available after such a determination. The power to reinstate a gratuitous unilateral withdrawal should be liberally exercised absent a significant showing of prejudice by the other parties involved.

*Bigley v. Unity Auto Parts, Inc.*, 436 A.2d 1172, 1178 (Pa. 1981).

The Board framed its decision as affirming the Referee's grant of Claimant's request to withdraw his appeal. The Board failed altogether to address whether Claimant's appeal should be reopened, independent of the Referee's decision to grant Claimant's withdrawal. In other words, it appears as though the Board never actually decided whether Claimant's appeal should be reopened and, instead, merely affirmed the Referee's grant of Claimant's withdrawal.[6] We cannot review a nonexistent decision for an abuse of discretion. Furthermore, even if the Board's order can be construed as having considered Claimant's petition as one to reopen his appeal, it offers no explanation for the Board's decision. The Board's order adopted the Referee's findings and conclusions, all of which relate to a decision that is not in dispute. The Referee merely determined that Claimant properly withdrew his appeal under Section 101.55 of the Board's regulations.

---

[6] In the workers' compensation context, appealing a withdrawal order is not necessary when the relief sought is "the exercise of the sound administrative discretion to reinstate the claim petition." *Bigley*, 436 A.2d at 1178. That logic persists in an unemployment compensation context. Claimant does not argue error in the approval of his withdrawal, but seeks a discretionary reinstatement of his appeal and a new hearing.

5

Because we cannot determine *why* the Board denied Claimant's petition to reopen his appeal, there exists no adequate basis for judicial review.

We, therefore, conclude that the Board erred in failing to consider Claimant's petition to reopen his appeal in a broader context than whether the Referee properly granted Claimant's withdrawal. On remand, we instruct the Board to consider Claimant's petition to reopen his appeal and explain its decision to grant or deny it.

Accordingly, we vacate the Board's order and remand the matter for further consideration in accordance with this opinion.

_____
P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Berlin J. Theodore,  :
               Petitioner  :
                                   :
           v.  :    No. 1977 C.D. 2016
                                   :
Unemployment Compensation  :
Board of Review,  :
              Respondent  :

## O R D E R

AND NOW, this 31st day of July, 2017, the order of the Unemployment Compensation Board of Review is hereby VACATED, and the matter is REMANDED for further consideration in accordance with this opinion. Jurisdiction relinquished.

_____
P. KEVIN BROBSON, Judge