# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sean O'Leary,                                  :
                          Petitioner           :
                                               :
            v.                                 :    No. 984 C.D. 2020
                                               :    SUBMITTED:  September 23, 2021
Unemployment Compensation                      :
Board of Review,                               :
                          Respondent           :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge (P.)
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


**<u>OPINION NOT REPORTED</u>**

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                    **FILED:  October 27, 2021**


Claimant, Sean O'Leary, petitions for review from the order of the Unemployment Compensation Board of Review (UCBR) determining that he did not show good cause for failing to appear at a hearing on an appeal of his claim for benefits by Employer, Luzerne County Community College, and affirming the decision of the Referee on the merits that Claimant was ineligible for unemployment compensation benefits because his actions constituted willful misconduct under Section 402(e) of the Unemployment Compensation Law.[1]  We vacate and remand the matter for a determination on the merits.

---

[1] Section 402(e) of the Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e).  Section 402(e) of the Law provides that "an employe shall be ineligible for compensation for any week . . . [i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work, irrespective of whether or not such work is 'employment' as defined in this act."

In January 2020, Employer terminated Claimant's employment for absenteeism and tardiness. After Claimant's dismissal, he applied for unemployment compensation benefits. The Department of Labor and Industry's Scranton Unemployment Compensation Service Center approved benefits. Employer appealed and a hearing was scheduled for April 27, 2020;[2] the hearing was originally to be held in person but was rescheduled telephonically due to the onset of the COVID-19 pandemic—thus, all references to "nonappearance" refer to a failure to participate in the telephonic hearing. The hearing notice listed Claimant's cell phone number and his attorney's phone number as one ending in -4690.[3] The notice of hearing stated "**THIS HEARING IS SCHEDULED BY PHONE. PLEASE VIEW THE ATTACHED NOTE FOR DETAILED INSTRUCTIONS**." [Notice of Hearing mailed April 13, 2020; Reproduced Record "R.R." at 59a (emphasis in original).] The notice included the following instructions:

> To EACH PARTY SCHEDULED to participate BY TELEPHONE—
>
> You must contact the Referee Office listed above BEFORE THE HEARING if your telephone number listed on this notice is INCORRECT or if no telephone number appears on this notice.
>
> • ON THE HEARING DATE please be by the telephone and keep the line free at least fifteen (15) minutes before the scheduled time. Have this notice and all related documents available at that time.

---

[2] The hearing was continued twice at the request of Claimant's attorney.

[3] By letter dated April 20, 2020 (which was also emailed to the Referee's office), Claimant's attorney provided the Referee's office with a phone number for the attorney's participation in the telephonic hearing, the number ending in -4690. (Reproduced Record "R.R." at 69a, 71a.)

> • Please be advised that the Referee will be calling parties on a telephone line that will not display the originating telephone number. *Some telephones have the capability of blocking incoming calls for which no originating number is displayed. If your telephone blocks such calls and if you expect to participate in the hearing by telephone, it is your responsibility to ensure that you are able to accept the call to participate in the hearing.*

[*Id.*; R.R. at 59a-60a (emphasis supplied).]

On the day of the April 27, 2020 hearing, at the scheduled start time of 1:45 p.m., the Referee called Claimant's attorney at least twice[4] at the number he provided but received the message "[y]our call has been forwarded to an automated voice messaging system. [Phone number] is not available." (April 27, 2020 "First Hearing" Notes of Testimony "N.T." at 1; R.R. at 289a.) The Referee left the attorney a message during the second call. (*Id.*) The Referee also called Claimant at the number for his cell phone twice but got a message that the number was not available both times. (*Id.*) The Referee then proceeded with the hearing with only Employer's witness and counsel. During Employer's witness's testimony, the Referee received a message that Claimant's counsel had called her office and provided a different telephone number where he could be reached. (First Hearing N.T. at 7; R.R. at 295a.) The Referee was able to call and connect with Claimant's attorney, who stated that Claimant had "reached out to him" and "sent [the attorney] a text," continuing as follows:

> [Claimant] asked if I was in on the call yet because he hadn't received a call. I told him, you know, no, not yet. It could be there's [sic] just running a little behind when a few minutes later he texted me again that he received a

---

[4] The transcript of the First Hearing indicates two calls were initially made, but the Referee's voicemail states that "[t]his is the third time I'm calling this number and the third time I'm receiving voicemail." (First Hearing Notes of Testimony at 1; R.R. at 289a.)

voicemail, but he, he never received a call. It just said that it was the second attempt to reach him and also that two or three attempts were made to reach me as well, but there was no answer.

(First Hearing N.T. at 8; R.R. at 296a.) The Referee and Claimant's attorney discussed the situation and the attorney indicated that he had earlier given the Referee's office the wrong number—the one ending in -4690—when the correct number ended in **-4680**. (First Hearing N.T. at 9; R.R. at 297a.) The attorney indicated that the number the Referee had for Claimant was correct. (*Id.*) The Referee called Claimant's number again and got the same message that the number was not available. (*Id.*) At that point, the call with Claimant's attorney was disconnected (there is no indication of who, if anyone, was at fault for the dropped call). (*Id.*) The Referee then made the determination to proceed without further attempt to contact Claimant or his attorney:

> Okay. Is anybody else on the line except Mr. Anderson [Employer's counsel] and Ms. Hogan [Employer's witness]? Anybody else? All right. I, I'm going to—I mean I attempted to contact Claimant three times. His attorney provided the—provided a different number and then it's, it's a—it's a different number than he provided. I'm, I'm not going to keep on going through this. I can't. I can't seem to get all parties on the phone. So, I'm just going to proceed with today's hearing. So, there may be a remand, unfortunately.

(First Hearing N.T. at 10; R.R. at 298a.) The hearing ended shortly thereafter.

The Referee issued a decision finding as follows with respect to the merits of the case. (Referee's Decision, Findings of Fact Nos. 1-5.) Claimant was employed as a full-time security guard by Employer on December 12, 2019. Employer had issues with Claimant's attendance and provided him with written and oral warnings, the most recent of which was in October 2019, after which Claimant

4

continued to have absenteeism and tardiness issues. Claimant failed to report or call off from work on December 9, 2019. On December 12, 2019, Employer suspended Claimant and, after an investigation on January 3, 2020, discharged Claimant due to his attendance issues.

Claimant thereafter petitioned for appeal to the UCBR, asserting that he never received a phone call that he was able to answer. The UCBR remanded the matter, directing the Referee to conduct a hearing for the purposes of allowing Claimant to explain his reason for nonappearance at the first hearing and to allow the parties to provide new or additional testimony and evidence on the merits. A second hearing was conducted at which Claimant, represented by a different attorney, gave his explanation for his nonappearance at the first hearing and presented his testimony and evidence on the merits of the case. (July 21, 2020 "Second Hearing" N.T.; R.R. at 436a-60a.[5])

Claimant explained as follows:

> I was standing by with my telephone—my cellphone, and I was expecting a call. And rather than my phone ringing, I ended up getting notifications every couple of minutes through voicemails, excuse me, and I listened to them. They were from an unknown—or it said unknown number. I couldn't identify, of course, where it was coming from. But, then, I—when I listened to the voicemails, it became

---

[5] Similar problems were encountered with Claimant's phone numbers at the second hearing. Claimant's new attorney provided the cell phone number for Claimant (the same number as given for the first hearing) and an alternate, backup home phone number. The Referee called Claimant twice on his cell phone and heard a message that the number was not available. The Referee then called Claimant's alternate number and got the message that "[t]he party you are trying to reach does not accept calls from numbers with Caller ID blocked. Please unblock your number by dialing . . . ." (Second Hearing N.T. at 1; R.R. at 436a.) The new attorney was able to conference in Claimant, after which the Referee attempted to call the alternate number again and received the message concerning numbers with Caller ID blocked. (Second Hearing N.T. at 3; R.R. at 438a.) The hearing proceeded with Claimant conferenced in through his attorney's office.

evident to me that it was your office or that you were trying to connect me into the hearing, which I reported to [his then-attorney], and it kind of became clear to me that there was some kind of an issue with the system.

(Second Hearing N.T. at 8; R.R. at 443a.) Claimant confirmed under questioning by the Referee that his phone did not ring but that he received voice messages; that he received the notice of the April 27, 2020 hearing; and that he let his attorney know "what [he] was experiencing, that [he] was unable to connect or that there was trouble connecting [him], for [the Referee's] office to connect [him], and [he] was making [his attorney] aware of that." (Second Hearing N.T. at 8-9; R.R. at 443a-44a.)

Claimant's new attorney objected to, and moved to strike, the testimony and exhibits offered by Employer at the first hearing because of the "technology issues" which were "not any fault of his own nor of our office,"[6] stating that to permit the evidence was a due process violation. (Second Hearing N.T. at 8, 12; R.R. at 443a, 447a.) The Referee overruled Claimant's counsel's objection but permitted cross-examination of Employer's witness. Claimant then proceeded to offer testimony and exhibits on the merits of his claim stating that his nonattendance and failure to contact his supervisor was the result of medication issues attendant to a medical problem.

The UCBR issued an order affirming the initial decision of the Referee. (R.R. at 462a.) It declined to consider Claimant's testimony on the merits offered at the second hearing, stating "[C]laimant failed to appear because his phone did not ring. The [UCBR] finds this is not good cause for the nonappearance. Parties are responsible for their own technology and in charge of their phone and incoming calls." (*Id.*) Claimant then petitioned this Court for review.

---

[6] Claimant's new attorney was from the same firm.

6

On appeal, Claimant raises two issues: whether it was error for the UCBR to have refused to consider his evidence on the merits and whether it was error for the UCBR to deny his claim. We find the first issue dispositive.

In the first place, we do not believe that there is evidence that Claimant "failed to appear" in any real sense—because of the pandemic, the hearing was required to be telephonic. The evidence in the record indicates that Claimant was doing exactly what he had been directed to do: waiting by his cell phone at the appointed time for the call from the Referee's office. Further, there is no evidence that during the first hearing he failed to heed the directive of the hearing notice regarding his cell phone's ability to receive calls from a source with a Caller ID block[7]—the record does not reflect the reason for the failure of his cell phone to ring. Claimant's undisputed testimony was that he did what he could to remedy the situation "in real time," as the hearing was being conducted in his absence. While Claimant's then-attorney certainly exacerbated the situation by failing to give a correct number for himself, the fact remains that prior to the end of the hearing the attorney had contacted the Referee's office and explained the situation to the Referee but was unable to further participate in the hearing because that call was dropped. There is no indication in the record who was at fault for the dropped call at that point[8]—merely that there was a dropped call and that no further attempts were made to contact the attorney. At this point, neither Claimant nor his attorney could participate because the telephone hearings were arranged in such a way that parties

_____

[7] During the second hearing, a message from an alternate home number for Claimant *does* indicate that that number had such a block.

[8] At one point during the first hearing, Employer's witness also became disconnected. (First Hearing N.T. at 9; R.R. at 297a.)

7

and their counsel could not call into the hearing but could only be connected when the Referee called them.

Moreover, the UCBR does not cite—and our own review of UCBR regulations fails to find—any authority for the proposition that "[p]arties are responsible for their own technology and in charge of their phone and incoming calls," let alone any regulation suggesting that technological difficulties of unknown cause[9] can preclude a party from having his day in court. Even though an administrative tribunal has discretion over how to conduct a hearing, there are still "certain fundamental rights that must be honored, including the right to a fair hearing in accordance with due process of law." *Collins v. Unemployment Comp. Bd. of Rev.*, 415 A.2d 145, 146 (Pa. Cmwlth. 1980). While not involving a telephone hearing, this Court in *Collins* found a violation of due process when a hearing was conducted without the claimant and his attorney despite their presence in the referee's waiting room, and thus vacated the Board's order and remanded for a new hearing. Although not directly controlling, we find its analysis applicable here. *See also Hoover v. Unemployment Comp. Bd. of Rev.*, 509 A.2d 962, 963 (Pa. Cmwlth. 1986) (reversing for a new hearing where the use of a telephone in an unemployment compensation hearing precluded the claimant from presenting documents into evidence, and the referee "simply ignored the claimant's proffer").

---

[9] The Board asserts that, in disregard of the notice sent to him, Claimant used a cell phone set up to block unknown calls. This assertion would seem to be belied by the fact that the cell phone (unlike Claimant's house phone), rather than blocking the call, took and recorded at least two voicemail messages. In any case, Claimant's undisputed testimony reflects that he did not expect the phone to block calls and was waiting for it to ring so that he could be connected. While it is unclear here whether the problem was with Claimant's cell phone or otherwise, the Board's policy which expects the average Unemployment Compensation claimant to have a sophisticated understanding and proficiency in programing technological devices is patently unreasonable.

8

We recognize that the Referee was put in a difficult situation on the day of the first hearing, given the obligation to connect multiple parties telephonically, apparently without assistance. We do not fault her for her actions. However, that the Referee herself encountered technological difficulties underscores the unreasonableness of depriving Claimant of his right to present his case because he was unable to receive her calls.

In light of the foregoing, we must conclude that on the facts of this case the UCBR abused its discretion by refusing to consider Claimant's testimony during the remand hearing.[10] Accordingly, we vacate the order of the UCBR and remand for consideration of the merits of this claim on the evidence already adduced,[11] including the testimony of Claimant at the second hearing.

_____

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

---

[10] UCBR Rule of Procedure 101.24(a) provides in pertinent part: "[i]f a party who did not attend a scheduled hearing subsequently gives written notice, which is received by the tribunal prior to the release of a decision, and it is determined by the tribunal that his failure to attend the hearing was for reasons which constitute 'proper cause,' the case shall be reopened." 34 Pa. Code § 101.24(a). Here, it was not necessary to reopen the record because the Claimant had already testified on remand regarding the merits and his counsel was able to cross-examine Employer's witness, so the rule is not directly applicable. However, its underlying purpose reinforces our decision here.

[11] On appeal, Claimant did not challenge the decision of the Referee to receive Employer's evidence without his participation. Therefore, we do not consider that issue. At all events, the Referee afforded Claimant's counsel an opportunity to cross-examine Employer's witness.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sean O'Leary,             :
           Petitioner    :
                            :
        v.            :   No. 984 C.D. 2020
                            :
Unemployment Compensation  :
Board of Review,          :
           Respondent  :

## **O R D E R**

AND NOW, this 27th day of October, 2021, the order of the Unemployment Compensation Board of Review is VACATED and the matter REMANDED for consideration on the merits in accordance with this opinion.

Jurisdiction relinquished.

 

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita