IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael S. Williams,                    :
                    Petitioner          :
                                        :
        v.                              :       No. 893 C.D. 2024
                                        :
Unemployment Compensation               :       Submitted: July 7, 2025
Board of Review,                        :
                    Respondent          :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE STACY WALLACE, Judge
           HONORABLE MARY HANNAH LEAVITT, Senior Judge


## *OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                              FILED: August 7, 2025


Michael S. Williams (Claimant), proceeding *pro se*, petitions for review of the May 3, 2024 order of the Unemployment Compensation (UC) Board of Review (Board), finding that he did not have good cause for missing an evidentiary hearing and affirming the Referee's decision to dismiss his statutory appeal from a notice of determination as untimely.  Upon careful review, we affirm.

### I.    Factual and Procedural History

Claimant worked for United Parcel Service, Inc. (Employer) as a warehouse loader from November 1, 2019, until August 2, 2021.  (Certified Record (C.R.) at 4.)  Claimant was injured in a car accident and was unable to work.  (C.R. at 30.)

Claimant applied for UC benefits on April 13, 2022. (C.R. at 11.) On May 14, 2022, the UC Service Center mailed Claimant a Disqualifying Determination, informing him that his claim application was denied because he failed to register with Pennsylvania CareerLink for employment search services within 30 days of his claim filing date. (C.R. at 18.) The Disqualifying Determination notified Claimant that he had to file an appeal within 21 calendar days, or by June 6, 2022.[1]  *Id.*  On September 20, 2022, Claimant appealed the denial of UC benefits. (C.R. at 30.)

A hearing on Claimant's appeal was scheduled to take place before the Referee at 10:15 a.m. on October 11, 2022. (C.R. at 43.) The notice of the hearing was mailed to Claimant's address of record, but he did not appear. (C.R. at 53.) The transcript of the hearing indicates that, as of 10:20 a.m., Claimant was not present at the hearing. (C.R. at 53.) After admitting several documents into the record and noting that no one was at the hearing to object to their admission, the Referee closed the hearing.

On October 11, 2022, the Referee dismissed Claimant's appeal as untimely and made the following findings of fact:

1. On April 13, 2022, [Claimant] filed an application for [UC] benefits.

2. The UC Handbook informs all claimants that they are required to register for work force services with the Pennsylvania CareerLink system no later than 30 days after the claim filing date.

---

[1] Section 501(e) of the Pennsylvania Unemployment Compensation Law (UC Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e), provides that unless a claimant or employer appeals a Notice of Determination within 21 calendar days after it was issued to the party's last known post office address, such determination shall be final, and compensation shall be paid or denied in accordance therewith.

3. The claimant must certify that the claimant received and reviewed the UC Handbook in order to complete the application for benefits.

4. Thirty days after the claim filing date was May 13, 2022.

5. On May 14, 2022, a Disqualifying Determination was issued to [Claimant's] last known mailing address which found [Claimant] ineligible for UC benefits because [Claimant] failed to register for CareerLink within 30 days of the claim filing date.

6. The Disqualifying Determination was not returned as undeliverable.

7. The Disqualifying Determination contained appeal instructions that indicated the last day to file a timely appeal was June 6, 2022.

8. [Claimant] filed an appeal that was received by UC on September 20, 2022.

9. [Claimant] was not misled or misinformed with respect to [Claimant's] appeal rights.

(Referee Decision, October 11, 2022, at 2, Findings of Fact (F.F.) Nos. 1-9.)  The

Referee concluded:

> Although duly notified of the date, time and place of the unemployment compensation hearing, [C]laimant did not appear for the hearing to present testimony and evidence on the issues under appeal.
>
> The above findings represent a careful review of the competent documentary evidence of record, under which the [R]eferee renders the following decision.
>
> The competent evidence contained in the record establishes that on May 14, 2022 the UC Service Center issued a Disqualifying Determination to [C]laimant's last known

3

mailing address. The Disqualifying Determination indicated that the last day to file a timely appeal was June 6, 2022. There is no competent evidence contained in the record to establish that the determination was returned by the Postal Authorities as being undeliverable.

The competent evidence contained in the record further establishes that the claimant filed an appeal that was received by the UC Department on September 20, 2022, which is outside of the 21-day appeal period.

In the present case, [C]laimant did not appear at the scheduled hearing to provide testimony to show fraud or a breakdown in the administrative process which may have caused the late appeal.

The provisions of this section of the law are mandatory, and the referee has no jurisdiction to allow any appeal filed after the expiration of the statutory appeal period.

(Referee Decision, October 11, 2022, at 2-3.)

On October 23, 2022, Claimant appealed the Referee's decision, seeking a remand and a new hearing. In his appeal, he only addressed, and offered the following explanation for, his failure to appear at the October 11, 2022 hearing:

I never received all the notices and once I appealed the prior ruling I missed the date and called 15 minutes prior to the hearing so I can find the building. I have lodged numbers for the unemployment office's that I made all reasonable attempts to try to have it reversed cause the phone numbers I had did not directly connect me to the Referee office.

(C.R. at 67.)

On May 3, 2024, the Board affirmed the Referee's decision and dismissed Claimant's appeal. The Board concluded:

The [Board], after considering the entire record in this matter, concludes that the determination made by the Referee

4

(attached) is proper under the Pennsylvania Unemployment Compensation Law (Law). [Claimant] appears to argue that he could not find the building in which the Referee held the hearing but [Claimant's] failure to allow for adequate time to arrive at the hearing on time does not constitute good cause for remand. Therefore, the Board adopts and incorporates the Referee's findings and conclusions.

(Board Decision, May 3, 2024, at 1).

## II.    Issues[2]

Before this Court, Claimant argues that his September 22, 2022 appeal from the Disqualifying Determination should be deemed timely, and the Board erred in holding otherwise.[3]

## III.    Analysis

At the outset, we note that Claimant makes arguments and offers numerous exhibits that were not presented to the Referee due to Claimant's failure to appear at the October 11, 2022 hearing. In his appeal to the Board, Claimant sought a remand and a second chance to appear at an evidentiary hearing before the Referee. He claimed he did not appear at the October 11, 2022 hearing because he could not locate the Referee's office. The Board concluded that Claimant's excuse did not constitute "good cause" for missing the evidentiary hearing. The Board went on to

---

[2] "Our review is limited to determining whether the necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated." *Johns v. Unemployment Compensation Board of Review*, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth. 2014).

[3] Claimant also addresses the substantive merits of the underlying UC claim, including that he was able and available for suitable work, but there were no open and available positions. (Claimant's Br. at 4, 6.) Because Claimant did not establish proper cause for his nonappearance at the hearing, the Board did not consider any arguments on the merits of his eligibility for UC benefits under Section 401(d)(1) of the UC Law, 43 P.S. § 801(d)(1), and we cannot consider them in the first instance on appeal.

conclude that the record as defined by the Referee supported her dismissal of Claimant's appeal from the Disqualifying Determination as untimely.

Critically, Claimant does not challenge the Board's denial of his request for remand in the petition for review or in his brief. Therefore, he has waived the issue of whether the Board abused its discretion in refusing to remand for a further hearing.[4] *See Scott v. Unemployment Compensation Board of Review*, 36 A.3d 643 (Pa. Cmwlth. 2012) (holding that any issue not raised in the petition for review is waived). It also means that we may not consider any evidence that was not presented to the Referee at the October 11, 2022 hearing for purposes of this appeal. With that in mind, and based

---

[4] Even if the issue was not waived, we would find it to be without merit. Section 101.24 of the Board's regulations, 34 Pa. Code § 101.24, provides a mechanism whereby claimants who fail to attend their scheduled referee hearing may request that their matter be reopened. Under Section 101.24 of the Board's regulations, a party seeking remand to the referee for a hearing must set forth the reasons for failing to appear at a hearing and the Board must make an independent determination that the reasons set forth constitute proper cause. *McNeill v. Unemployment Compensation Board of Review*, 511 A.2d 167, 169 (Pa. 1986). A claimant's own negligence is insufficient proper cause as a matter of law to justify his failure to appear at a referee's hearing. *Savage v. Unemployment Compensation Board of Review*, 491 A.2d 947, 950 (Pa. Cmwlth. 1985) ("[A] claimant's own negligence [by misreading a hearing date] is insufficient 'proper cause,' as a matter of law, to justify his failure to appear at a referee's hearing and warrant a new hearing."); *Eat'N Park Hospitality Group, Inc. v. Unemployment Compensation Board of Review*, 970 A.2d 492, 494 (Pa. Cmwlth. 2008) (holding that referee's inability to contact employer on day of hearing due to failure of employer to inform referee of change in telephone number is not proper cause for nonappearance).

Here, Claimant argued before the Board that he could not locate the Referee's office. However, it was his responsibility to make sure he was at the right place at the right time. Consequently, his nonappearance was due to his own fault. *See, e.g. Gibson v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 1732 C.D. 2018, filed November 7, 2019) (going to the wrong location for referee hearing is negligent conduct and was not proper excuse for the claimant's nonappearance); *Bennett v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 1644 C.D. 2015, filed September 26, 2016) (getting lost on the way to a hearing, without further extenuation, is not good cause for non-appearance). Thus, had the issue been properly preserved, we would conclude that the Board correctly found that Claimant lacked proper cause for his nonappearance and did not err in denying Claimant's request for a further hearing. *See* Section 414(a) of this Court's Internal Operating Procedures, which authorizes the citation of unreported panel decisions issued after January 15, 2008, for their persuasive value, but not as binding precedent. 210 Pa. Code § 69.414(a).

on the following, we discern no error in the Board's conclusion that Claimant's appeal from the Disqualifying Determination was untimely.

First, it is well-settled that where, as here, a party fails to appear at a hearing after being notified of the date, hour and place of the hearing, a hearing may be held in that party's absence, and a decision "may be based upon the pertinent available records." 34 Pa. Code § 101.51.[5] *See also Ortiz v. Unemployment Compensation Board of Review*, 481 A.2d 1383 (Pa. Cmwlth. 1984) (even if the claimant is absent from the hearing, the referee should render a decision on the merits and make findings of fact based on the evidence in the record).

Here, the Referee made her determination based upon the pertinent available records, which included the Disqualifying Determination and Claimant's appeal. From those records, the Referee concluded that Claimant's appeal from the Disqualification Determination was obviously filed late. It was due on June 6, 2022, and was not filed until September 22, 2022. Because Claimant failed to attend the hearing, no evidence was submitted to demonstrate any fraud or breakdown in the administrative process which may have caused Claimant's late appeal. The Referee dismissed the appeal as untimely.

The Board, in turn, adopted the Referee's findings of fact in their entirety. Based upon the available records, and in the absence of any evidence to the contrary, the Board's finding that Claimant's appeal from the Disqualifying Determination was untimely was supported by substantial, uncontradicted evidence.

---

[5] Section 101.51 of the Board's regulations, 34 Pa. Code § 101.51, provides: "If a party notified of the date, hour and place of a hearing fails to attend a hearing without proper cause, the hearing may be held in his absence."

7

## IV.    Conclusion

Because Claimant did not appear at the scheduled hearing to provide testimony to show fraud or a breakdown in the administrative process which may have caused the late appeal, the only competent evidence contained in the record established that Claimant filed an appeal that was received by the UC Service Center on September 20, 2022, which is outside of the 21-day appeal period.

Accordingly, the Board's order is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

8

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael S. Williams,         :
        Petitioner       :
                               :
      v.                :    No. 893 C.D. 2024
                               :
Unemployment Compensation  :
Board of Review,           :
        Respondent     :

## ***ORDER***

AND NOW, this 7th day of August, 2025, the May 3, 2024 order of the Unemployment Compensation Board of Review is hereby AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge