IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michelle Grey-Cannon,    :
       Petitioner  :
           :
    v.       :
           :
Unemployment Compensation  :
Board of Review,     : No. 1664 C.D. 2024
      Respondent : Submitted: March 3, 2026


BEFORE: HONORABLE PATRICIA A. McCULLOUGH, Judge
     HONORABLE STELLA M. TSAI, Judge
     HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE TSAI        FILED: April 15, 2026

  Petitioner Michelle Grey-Cannon (Claimant) petitions for review of an order of the Unemployment Compensation Board of Review (Board), affirming a decision by a Referee which rendered Claimant ineligible for benefits pursuant to Section 402(b) of the Pennsylvania Unemployment Compensation Law (Law), relating to voluntary resignation without cause of a necessitous and compelling nature.[1] Upon review, we now affirm the Board's order.

  Claimant filed a claim for unemployment compensation benefits effective December 18, 2022, following her separation from employment with the School District of Philadelphia (Employer). Certified Record (C.R.) at CR3. The Department of Labor and Industry's (Department) Office of Unemployment

---

[1] Act of December 5, 1936, Second Ex. Session., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b). Section 402(b) of the Law provides that: "an employe[e] shall be ineligible for compensation for any week . . . in which his unemployment was due to voluntarily leaving work without cause of a necessitous and compelling nature."

Compensation Benefits (UC Office) issued a Qualifying Separation Determination (Determination), awarding Claimant benefits under Section 402(b) of the Law. *Id.* at CR42. Employer appealed the Determination. *Id.* at CR53-54.

On January 12, 2024, the UC Office sent an Acknowledgment of UC Appeal to Claimant, indicating a hearing would be scheduled in the near future. *Id.* at CR64. On March 22, 2024, the UC Office sent a Notice of Hearing to Claimant, indicating that the hearing would be held in-person on April 4, 2024, at the Philadelphia Referee Office.[2] *Id.* at CR83. Claimant did not appear at the Referee Hearing, and the Referee conducted the hearing without Claimant's participation. *Id.* at CR96-99. At the hearing, Employer introduced evidence of Claimant's voluntary termination, and Claimant was not present to introduce testimony or evidence about any necessitous or compelling reason for it. *Id*. The Referee issued a decision on August 4, 2024, reversing the Determination and denying Claimant benefits pursuant to Section 402(b) of the Law. *Id.* at CR103-04. In so doing, the Referee made the following findings of fact:

1. For purposes of this appeal, . . . Claimant filed an application for unemployment compensation benefits effective December 18, 2022.
2. . . . Claimant voluntarily quit her employment with the School District of Philadelphia, effective December 14, 2022.

---

[2] The Hearing Notice identified the issues to be considered by the Referee, as follows:

Whether [C]laimant's unemployment was due to voluntarily leaving work without cause of necessitous and compelling nature. Whether [C]laimant's unemployment was due to discharge or temporary suspension from work for willful misconduct connected with employment. Whether . . . [C]laimant was able and available for suitable work.

C.R. at CR72-73.

*Id.* at CR103.  The Referee reasoned:

> Although duly notified of the date, time, and place of the unemployment compensation hearing, . . . [C]laimant failed to appear for the hearing to present testimony and evidence on the issues under appeal.
>
> . . .
>
> In the present case, the competent evidence before the Referee indicates that . . . Claimant quit her employment. However, . . . Claimant did not appear to offer testimony or evidence, and there is no competent evidence in the record to support a finding that . . . Claimant's reason for leaving the employment was of a necessitous and compelling nature.

*Id.*

Claimant filed a timely appeal of the Referee's Decision.  *Id.* at CR12.  In her application for an appeal, Claimant acknowledged that "despite receiving an email notification on March 21st . . . **I did not check it**."  *Id.* at CR114-15 (emphasis added).  On June 21, 2024, the Board issued an order remanding the matter to the Referee to address Claimant's nonappearance at the April 4, 2024 hearing.  *Id.* at CR128-29.  C.R., Item No. 15.  The order allowed the parties to introduce "new or additional testimony and evidence on the merits" but warned that if the Board concluded that Claimant did not have proper cause for her nonappearance at the April 4, 2024 hearing, "the additional testimony and evidence on the merits may not be considered."  *Id.* at CR129.

As for the reason for her nonappearance at the April 4, 2024 hearing, Claimant testified that her neighbor often gets her mail, which was apparently the case with the Notice of Hearing.  *Id.* at CR164-65.  Claimant testified that her neighbor did not deliver the Notice of Hearing until April 5, 2024, which is one day after the scheduled Referee hearing on Employer's appeal of the Determination.  *Id.* at CR165.  Claimant admitted that she received a notification via email, her preferred

method of communication as noted in her application for unemployment benefits. *Id*. at CR163-66. Claimant then provided testimony that addressed the merits of Employer's appeal. *Id*. at CR170-82.

As to Claimant's failure to appear at the first hearing, the Board wrote:

> . . . [C]laimant testified that she had been having issues with her postal mail and that her hearing notice went to her neighbor and that the neighbor did not give her the notice until after the hearing date had passed. This by itself would not be good cause to miss the hearing where the claimant was aware of her postal issues prior to her neighbor accidentally picking up her mail and the record is devoid of any indication she took steps to rectify this issue. However, . . . [C]laimant further testified that she did receive notice of the hearing via her preferred method of communication, internal message with email notification. . . . Because . . . [C]laimant missed the hearing due to her own erroneous assumption regarding the notifications she was receiving, she did not have good cause to miss the hearing. Therefore, the Board has not considered the testimony and evidence offered at the remand hearing.
>
> . . .
>
> . . . [C]laimant must sustain the burden of proving that she quit for necessitous and compelling reasons. The burden of proof must be sustained with competent, first-hand testimony and [C]laimant did not attend the first scheduled appeal hearing and offered no good cause for [her] nonappearance at the remanded hearing.

*Id*. at CR208.

The Board adopted verbatim the Referee's findings of fact and affirmed the Referee's decision. *Id.* at CR207. Claimant then petitioned this Court for review of the Board's order.

4

On appeal,[3] Claimant argues that the Board erred in determining that she failed to establish good cause for her nonappearance at the April 4, 2024 hearing. Appellant's Br. at 7. Claimant further argues that the Board erred in concluding that she did not have necessitous and compelling reasons to resign her employment.[4] *Id*.

Regarding Claimant's nonappearance, Section 101.51 of the Board's regulations provides that "if a party notified of the date, hour and place of a hearing fails to attend a hearing without **proper cause**, the hearing may be held in his absence." 34 Pa. Code § 101.51 (emphasis added). A decision "may be based upon the pertinent available records." *Id*. If a claimant did have proper cause for failing to appear, then the claimant is entitled to a new evidentiary hearing at which he can present evidence that would address the merits of the appeal. *Ortiz v. Unemployment Comp. Bd. of Rev.*, 481 A.2d 1383, 1386 (Pa. Cmwlth. 1984).

This Court has consistently held that a claimant's own negligence is insufficient proper cause as a matter of law to justify the failure to appear at a Referee's hearing. *Savage v. Unemployment Comp. Bd. of Rev.*, 491 A.2d 947, 950 (Pa. Cmwlth. 1985). Proper cause is, however, shown if the claimant never received the notice because it was not sent to the last known address. *Gadsden v. Unemployment Comp. Bd. of Rev.*, 479 A.2d 74, 76 (Pa. Cmwlth. 1984).

Here, the Notice of Hearing was successfully delivered to Claimant's email address in accordance with her preferred method of communication, as designated on her initial application for unemployment benefits. *Id.* at CR166. Additionally,

---

[3] This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. 2 Pa. C.S. § 704.

[4] Claimant argues that the Board erred in "ruling that the Referee's decision should be affirmed finding [Claimant] ineligible for benefits." Appellant Br. at 7. The Referee decision declared Claimant ineligible for benefits due to the lack of a "necessitous and compelling reason" for her voluntary resignation from employment. C.R. at CR102-03.

the Notice of Hearing was mailed to the physical address that Claimant used for filing for unemployment benefits, which is the address at which Claimant resides. *Id*. at CR164. Claimant claimed, however, that her neighbor, who often "gets" her mail, did not deliver the Notice of Hearing to her until April 5, 2024, a day after the scheduled hearing.[5] *Id*. at CR165. Regardless, at the remand hearing to address Claimant's nonappearance, Claimant admitted that she received the online notification but chose not to read it because she assumed it was something relating to taxes or something else. *Id*. at CR166. As such, Claimant was successfully notified of the "date, hour and place" of the April 4, 2024 hearing. Claimant has not shown any non-negligent circumstances which would support a showing of proper cause for her nonappearance at the hearing. Thus, the Board did not err in determining that Claimant failed to establish proper cause for her nonappearance.

Claimant's argument that the Referee and Board erred in concluding that she lacked necessitous and compelling reasons for resigning her employment also fails. As a threshold matter, because Claimant did not establish proper cause for her nonappearance at the April 4, 2024 hearing, the Board did not consider Claimant's testimony and evidence on the merits that she presented at the remand hearing. We similarly cannot consider that testimony or evidence on appeal. *Ortiz*, 481 A.2d at 1386.

Accordingly, the order of the Board is affirmed.

_____

STELLA M. TSAI, Judge

---

[5] The record is unclear what Claimant meant when she said: "I get my neighbor's mail, and vice versa." C.R. at CR164. However, even if Claimant was alleging that the post office misdelivered the Notice of Hearing to her neighbor's house, the record is clear that the Notice of Hearing was successfully sent to Claimant's email address in accordance with her preferred method of communication, as designated on her initial application for unemployment benefits. *Id.* at CR6, CR208.

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michelle Grey-Cannon,     :
      Petitioner :
         :
   v.       :
         :
Unemployment Compensation  :
Board of Review,     :
     Respondent : No. 1664 C.D. 2024

## **O R D E R**

AND NOW, this 15th day of April, 2026, the order of the Unemployment Compensation Board of Review is AFFIRMED.

_____
STELLA M. TSAI, Judge